IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YAJAIRA JANETH GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>ANGELICA ALFONSO-ROYALS, Acting Director of United States Citizenship and Immigration Services,<br><br>Defendant. | **8:25CV302**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Yajaira Janeth Gonzalez ("Gonzalez") is a Mexican national who has resided in the United States for several years. On May 30, 2020, Gonzalez became a victim of a domestic-violence incident in Bakersfield, California. On December 15, 2022, she filed an I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization with United States Citizenship and Immigration Services ("USCIS"). *See Caballero-Martinez v. Barr*, 920 F.3d 543, 545 (8th Cir. 2019) (explaining a U visa "is a type of non-immigrant visa available to crime victims who assist law enforcement"); 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p). She also submitted an I-918A Petition for Qualifying Family Member on behalf of her relative, Albertano Cruz Correa ("Cruz Correa"), who then filed his own Form 1-765

She eventually filed this *pro se* complaint (Filing No. 1) on April 21, 2025, claiming the USCIS has yet to fully adjudicate those requests. Although the USCIS has issued a bona fide determination and work authorization to Gonzalez, she complains it has failed to act on Cruz Correa's applications. *See* 8 U.S.C. § 1184(p)(6) (stating the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title"). Gonzalez asserts that delay violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and asks the Court to order the USCIS to "to make *bona*

*fide* determinations and decisions on the pending work authorization applications within 14 days." *See Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (explaining when unreasonable delay of agency action warrants mandamus relief). In a Motion for Partial Summary Judgment (Filing No. 5) filed on June 3, 2025, Gonzales further urges the Court to "declare all BFD delays beyond 15 months unreasonable" and compel the USCIS to take action. *See* Fed. R. Civ. P. 56(a).

This matter is before the Court, however, on the Court's own motion to determine its jurisdiction over Gonzalez's APA claim. *See Hunter v. Page County*, 102 F.4th 853, (8th Cir. 2024) ("Even if the parties do not raise a jurisdictional issue, it is the court's duty to raise the issue of its own accord, or sua sponte."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). For the reasons explained in *Patel v. Director, USCIS*, 8:25CV59, Filing No. 18 (D. Neb. June 11, 2025), the Court concludes that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of Gonzalez's claim. While Gonzalez's frustration is understandable, the Court lacks jurisdiction to order the Director to remedy the issues she faces. Accordingly,

IT IS ORDERED:

1. Plaintiff Yajaira Janeth Gonzalez's complaint (Filing No. 1) is dismissed without prejudice for lack of subject-matter jurisdiction.
2. Gonzalez's Motion for Partial Summary Judgment (Filing No. 5) is denied as moot.
3. A separate judgment will issue.

Dated this 11th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge